## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | | | |
|---|---|---|---|
| **RICKY SPAULDING** | ) | | |
| **11702 E. 37th Street South** | ) | | |
| **Independence, Missouri 64052** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **vs.** | ) | **Case No.** | **4:11-cv-11-337** |
| | ) | | |
| **CONOPCO, INC.** | ) | **Division:** | |
| | ) | | |
| **Serve Registered Agent:** | ) | | |
| | ) | | |
| **The CT Corporation System** | ) | | |
| **120 South Central Avenue** | ) | | |
| **Clayton, Missouri  63105** | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through his attorneys, and for his cause of action against Defendant states as follows:

1.      That Plaintiff at all times relevant hereto is a resident of Independence, Jackson County, Missouri currently residing at the address listed above.

2.      That Defendant Conopco, Inc. is and was at all times relevant hereto a foreign corporation registered to do business in Missouri with its principal place of business in New Jersey and is in good standing.  Service may be had upon Defendant by serving the registered agent listed above.

3.      This court has personal jurisdiction over the Defendant Conopco, Inc. as the Defendant committed tortious activities within the State of Missouri and this judicial district.

4.     This court has subject jurisdiction over this controversy pursuant to 28 USC §1332 as the Plaintiff and the Defendant are diverse in citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

5.     This Judicial District is a proper venue pursuant to 28 USC §1391 as the Defendant's tortious activities took place within this judicial district.

6.     That Unilever Best Foods North America located at 13000 E. 35th Street, Independence, Missouri 64055 is owned by Defendant Conopco, Inc.

7.     That on or about May 15, 2010, Mr. Spaulding was cleaning the tanks at Unilever Best Foods North America.

8.     That on or about May 15, 2010, Mr. Spaulding fell into a tank with agitator blades, resulting in serious injuries.

9.     That there was no protective platform and/or scaffolding around the tank.

10.    That on or about May 15, 2010, Conopco, Inc. controlled the job site and the activities of Mr. Spaulding.

11.    That Mr. Spaulding was engaged in specialized or episodic work that was essential to Conopco, Inc. but not within Conopco, Inc.'s usual business as performed by its employees.

12.    That at all times material hereto, the actions (or lack thereof) of the employee(s), servant(s), agent(s) of Conopco, Inc. were in the normal course and scope of their employment with said defendant; therefore, creating vicarious liability on the part of Defendant Conopco, Inc.

13.    That on or about May 15, 2010, Mr. Spaulding did not know that the tank was a dangerous condition until after his injury.

## COUNT I
### (NEGLIGENCE)

14.    That Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 13 as though fully pled herein.

15.     That there was no protective platform and/or scaffolding around the tank in which Mr. Spaulding fell.

16.     That the presence of an open tank, without a platform and/or scaffolding, in an area frequented by workers constituted a defective and dangerous condition and; therefore, was not reasonably safe for invitees, including Mr. Spaulding.

17.     That at all times pertinent, Defendant Conopco, Inc. owed a duty to use reasonable and ordinary care to prevent injuries to invitees.

18.     That prior to May 15, 2010, Defendant Conopco, Inc. had actual or constructive notice of the dangerous condition.

19.     That prior to May 15, 2010, Defendant Conopco, Inc. owned, controlled, managed, and/or maintained the plant where Mr. Spaulding was injured.

20.     That at all times pertinent Defendant Conopco, Inc. had the right and a non-delegable duty to maintain, modify, repair, correct and/or conduct inspections of the location where Mr. Spaulding was injured.

21.     That at all times pertinent Defendant Conopco, Inc. had the right and non-delegable duty to warn workers, including Mr. Spaulding, of the dangerous condition.

22.     That Defendant Conopco, Inc. failed to use ordinary care to maintain, modify, repair, correct, inspect and/or warn invitees, including Mr. Spaulding, of the defective and dangerous condition described above.

23.     That Defendant Conopco, Inc. was negligent and careless in the following respects, to wit:

> (a)     in failing to place a platform and/or scaffolding around the subject tank;
>
> (b)     in failing to warn workers, including Mr. Spaulding, of the dangers of the open tank;
>
> (c)     in failing to properly maintain and/or keep the tank in a reasonably safe condition;
>
> (d)     in failing to adequately inspect the premises for dangerous conditions; and

(e)     in failing to maintain proper protocols and procedures regarding plant maintenance, inspection, safety and/or care.

24.     That as a direct and proximate result of the aforementioned careless and negligent acts and omissions on the part of Defendant Conopco, Inc., Mr. Spaulding was caused serious, permanent and progressive injuries to his person, including:

(a)     his leg, including fractures/amputation;

(b)     his shoulder, including fracture;

(c)     his knees;

(d)     his arm;

(e)     his back;

(f)     his head, including face; and

(g)     his jaw, including fracture.

25.     That as a direct and proximate result of the aforementioned careless and negligent acts and omissions on the part of Defendant Conopco, Inc., Mr. Spaulding has incurred substantial expenses relating to his medical care and treatment. In addition, Mr. Spaulding has experienced a diminished enjoyment of life, lost income, experienced pain and suffering and will in the future continue to incur medical and other health care expenses, lost income, experience great physical pain and diminished enjoyment of life, all of which Mr. Spaulding would not have otherwise incurred, lost, or experienced but for the injuries he suffered as a result of Defendant Conopco, Inc.'s negligence.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Conopco, Inc. in such sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as is fair and reasonable, for costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

## COUNT II
## (RECKLESSNESS)

26. That Plaintiff incorporates each and every allegation of paragraphs 1 through 25 as though full pled herein.

27. That Defendant Conopco, Inc. knew, or in the exercise of ordinary care, should have known that the presence of an open tank, without a platform and/or scaffolding, in an area frequented by workers created an unreasonable risk of bodily harm and that there was a high degree of probability that substantial harm would result.

28. Specifically, Defendant Conopco, Inc. breached its duty of care and was reckless in one or more of the following respects:

    (a)    in failing to place a platform and/or scaffolding around the subject tank;

    (b)    in failing to warn workers, including Mr. Spaulding, of the dangers of the open tank;

    (c)    in failing to properly maintain and/or keep the tank in a reasonably safe condition;

    (d)    in failing to adequately inspect the premises for dangerous conditions; and

    (e)    in failing to maintain proper protocols and procedures regarding plant maintenance, inspection, safety and/or care.

29. That as a direct and proximate result of Defendant Conopco, Inc.'s breach of its duty of care owed to the Plaintiff, Plaintiff sustained injuries and damages as described above in Paragraphs 24 and 25, incorporated by reference herein.

30. The above-described actions/inactions of Defendant Conopco, Inc. were willful, wanton, outrageous and demonstrated a conscious and reckless disregard for the safety of Mr. Spalding, and its workers, thereby permitting the recovery of punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Conopco, Inc. in such sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as is fair and reasonable, for costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, by and through undersigned counsel, and request a trial by jury on all issues raised herein.

Respectfully submitted,
**THE HORN LAW FIRM, P.C.**


*/s/ Laurie L. Del Percio*
LAURIE DEL PERCIO          (MO #48458)
DOUGLAS R. HORN          (MO #37103)
19049 East Valley View Parkway; Suite J
Independence, Missouri 64055
PH     (816) 795-7500
FAX    (816) 795-7881
E-MAIL: ldelpercio@hornlaw.com

*ATTORNEYS FOR PLAINTIFF*